UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| L.J. | § | |
| | § | |
|       Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA; UNITED | § | |
| STATES OF AMERICA FEDERAL | § | Civil Action No.: 4:26-cv-03845 |
| BUREAU OF PRISONS; | § | |
| FPC BRYAN WARDEN TANISHA HALL, | § | |
| in her individual capacity; | § | |
| OFFICER DONALD ROSS, in his individual | § | |
| capacity | § | |
| | § | |
|       Defendants | § | |

## PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM

Plaintiff L.J., by and through her attorneys of record, moves this Court for an order

allowing her to proceed in the above-captioned matter under a pseudonym.  Plaintiff makes this

request in order to protect herself from harassment, physical and psychological harm, and social

stigma, and further states as follows:[1]

### INTRODUCTION

The Plaintiff in this case currently resides in Texas, where she was released after being

incarcerated at the minimum security camp at the Bureau of Prisons' ("BOP") Federal

Corrections Institution Aliceville ("FCI Aliceville").  Declaration of Luma Khabbaz, ¶ 6

---

[1] Plaintiff filed her Original Complaint on May 13, 2026 and is currently in the process of serving process on all Defendants.  As of the date of this filing, Defendants have not yet answered or appeared, so this Motion is being filed *ex parte*. Plaintiff will confer with counsel for Defendants regarding the relief requested in this motion as soon as practicable.

(hereinafter "Khabbaz Decl."); ECF No. 1, ¶ 2.  Plaintiff brings this action against the United States of America, the BOP, the Warden of Federal Prison Camp Bryan ("FPC Bryan"), and an individual officer, Officer Donald Ross, for the action of sexual assault and sexual harassment inflicted by Officer Ross in the minimum security camp at FPC Bryan acting within the scope of his employment as an employee of the BOP.

For nearly a year, Officer Ross at FPC Bryan groomed, harassed, and sexually assaulted L.J., threatening her with loss of privileges and transfer if she reported his actions.

In order to protect her privacy and shield her from the harassment, retaliation, and further psychological harm she would likely face if her identity were disclosed, as well as the social stigma that would accompany her public identification as a victim of sexual abuse, Plaintiff respectfully requests that the Court grant her motion to proceed under her initials, L.J.

## LEGAL STANDARD

Although a plaintiff is ordinarily required to use their real name when litigating in federal court, the Fifth Circuit and other courts have allowed plaintiffs to proceed under a pseudonym in certain circumstances, including in cases such as this, which involve sexual assault survivors bringing claims against the government.  In this Circuit, there is "no hard and fast formula for ascertaining whether a party may sue anonymously." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).  Instead, the "decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.*

Courts in this Circuit generally consider three factors that weigh in favor of party anonymity.  These factors are: "(1) plaintiffs seeking anonymity were suing to challenge governmental activity; (2) prosecution of the suit compelled plaintiffs to disclose information 'of the utmost intimacy;' and (3) plaintiffs were compelled to admit their intention to engage in

illegal conduct, thereby risking criminal prosecution." *Stegall*, 653 F.2d at 185.  These factors

are not rigid and are not prerequisites to bringing a lawsuit anonymously. *See id.*  Moreover,

courts do not require a party to prove all three factors. *See id.* (allowing plaintiff to proceed

anonymously when only one of the three factors was present); *see also Roe v. Patterson*, No.

4:19-CV-00179-ALM-KPJ, 2019 WL 2407380, at *3 (E.D. Tex. June 3, 2019) (allowing

plaintiff to proceed pseudonymously where "only the second factor" applied, and noting that "a

party need not prove all three factors to proceed anonymously").  Courts consider additional

factors when making this determination.  They include, *inter alia*, whether there is any

prejudicial impact on the defending parties, and the interest of the public in knowing the parties'

identities.  *See Doe v. CoreCivic, Inc*, No. 4:20-CV-01828, 2020 WL 3640058, at *2 (S.D. Tex.

July 6, 2020); *Stegall*, 653 F.2d at 185.  This Court has observed that "[p]seudonymous litigation

is generally reserved for special interests in need of protection, such as … individuals alleging

sexual assault." *John Doe Corp. v. Pub. Co. Acct. Oversight Bd.*, No. 24-cv-1103, 2024 WL

5275034, at *3 (S.D. Tex. June 10, 2024).

ARGUMENT

Plaintiff satisfies two out of the three factors in *Stegall*, in addition to other factors

considered by courts in this Circuit.  Plaintiff's suit challenges governmental activity; Plaintiff's

claims involve information of the "utmost intimacy," *Stegall*, 653 F.2d at 185; Defendants will

not be prejudiced by allowing Plaintiff to proceed under a pseudonym; and Plaintiff's anonymity

will not "obstruct the public's view of the issues" in the case, *id.* at 185.  Therefore, this Court

should grant Plaintiff's request to proceed under a pseudonym by using her initials, L.J.

First, Plaintiff's claims involve information of the "utmost intimacy." *Stegall*, 653 F.2d

at 185.  Courts have consistently held that lawsuits involving alleged sexual assaults involve

information that is of the utmost intimacy. *See, e.g.*, *CoreCivic, Inc*, 2020 WL 3640058, at *2

(collecting cases); *Doe v. Trs. of Socorro Indep. Sch. Dist.*, No. EP-18-CV-00162-FM, 2018 WL 11471569, at *3 (W.D. Tex. June 25, 2018) (noting "the public interest in protecting the identities of victims of sexual assault"); *Doe v. El Paso Cnty. Hosp. Dist.*, No. EP-13-CV-00406-DCG, 2015 WL 1507840, at *5 (W.D. Tex. Apr. 1, 2015).  Specifically, Plaintiff has presented claims regarding a highly personal matter: her prior sexual assault and verbal harassment endured inside Defendants' BOP facility and the resulting injuries from the sexual abuse. Khabbaz Decl., ¶ 4.  This case will involve descriptions of the sexual assault Plaintiff endured, including groping and digital penetration of her genitals, as well as the descriptions of Plaintiff's physical, mental, and emotional injuries from the abuse that caused her to violate her probation and return to BOP custody.  *See id.*  Plaintiff continues to experience the injuries caused by the abuse, including shame, humiliation, and fear.  *See id.*  Public disclosure of her identity would only exacerbate such injuries.  *See id.*, ¶ 7.  Accordingly, this factor weighs strongly in favor of allowing Plaintiff to proceed under a pseudonym.

Second, Plaintiff's suit challenges governmental activity.  *See Stegall*, 653 F.2d at 185. "Whether a plaintiff is suing the government or an individual 'is significant because governmental bodies do not share the concerns about 'reputation' that private individuals have when they are publicly charged with wrongdoing.'"  *El Paso Cnty. Hosp. Dist.*, 2015 WL 1507840, at *3 (*quoting Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 266–67 (E.D. Tex. 2007)).  The fact there are also two individual defendants in addition to the United States does not mean automatically mean pseudonymity cannot be granted.  *See, e.g.*, *Stegall*, 653 F.2d 180 (granting pseudonymity in challenge to governmental activity even when some individual defendants were sued).  While some courts have held that the inclusion of individual defendants weighs against a grant of pseudonymity, they also found it was not dispositive when balanced

against the other factors, namely whether the case involved facts of the utmost intimacy. *See El Paso Cnty Hosp. Dist.*, 2015 WL 1507840; *Doe v. Midland Cnty.*, 2024 WL 5658601 (W.D. Tex. Feb. 20, 2024); (both cases finding governmental activity factor weighed against anonymity but granting motion because facts regarding sexual assault were of the utmost intimacy); *see also Doe as Next Friend of Doe v. Smith*, 2025 WL 364449 (S.D. Miss. Jan. 31, 2025) (finding governmental activity factor weighed against anonymity but granting motion because plaintiff was a minor and could be compelled to admit his intention to engage in illegal conduct). Accordingly, when viewed in totality, the above factors weigh in favor of allowing Plaintiff to proceed under a pseudonym.

In addition to the factors discussed above, courts "must consider all of the circumstances of the case." *Patterson*, 2019 WL 2407380, at *5 (citing *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). One factor courts consider is the risk of prejudice to the opposing party. *See Socorro Indep. Sch. Dist.*, 2018 WL 11471569, at *2-3; *see also Does 1-3 v. Sung Bum Chang*, No. 3:08-CV-2189-N, 2010 WL 11618786, at *2-3 (N.D. Tex. Feb. 9, 2010). Here, the risk of prejudice to Defendants is minimal. Any concern about the Defendants' ability to mount a full defense is belied by the fact that Defendants already know Plaintiff's identity, confidentially, because of the administrative claim Plaintiff submitted to the BOP, as well as the facts in the Complaint, including details about an interview with the Special Investigative Agents. *See* ECF No. 1 at 3-4, 23; *CoreCivic*, 2020 WL 3640058, at *2 (finding that defendants would not be prejudiced because they were aware of the plaintiff's identity through her FTCA claim). Further, Defendant United States has ready access to even more information about Plaintiff than she does, as she must request her own records because Defendant has Plaintiff's full custody and medical file.

The public's interest in knowing Plaintiff's identity does not outweigh her need to

proceed under a pseudonym.  In general, there is "a clear and strong First Amendment interest in ensuring that '(w)hat transpires in the courtroom is public property.'"  *Stegall*, 653 F.2d at 185 (quoting *Craig v. Harney*, 331 U.S. 367, 374 (1947) (alteration in original)).  However, "[t]he assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name."  *Id.*  The majority of this case will proceed on the public docket—indeed, the only fact restricted in the Complaint is the Plaintiff's full name.  The public has access to the facts regarding Plaintiff's sexual assault, the circumstances surrounding her re-incarceration, and the alleged acts and omissions by Defendants.  *See CoreCivic*, 2020 WL 3640058, at *2 (granting motion to proceed pseudonymously where Plaintiff "assert[ed] that information about this case will only be minimally restricted, with most of the pertinent facts made on the public record," save for "her actual identity").  Thus, allowing Plaintiff to proceed under a pseudonym will not "obstruct the public's view of the issues" in the case.  *Stegall*, 653 F.2d at 185 ("Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them.").

However, requiring Plaintiff to disclose her identity may be against the public interest, due to the potential chilling effect on future plaintiffs who wish to be made whole after experiencing sexual assault by correctional officers.  *See CoreCivic*, 2020 WL 3640058, at *2 (citing *Doe v. Cabrera*, 307 F.R.D. 1, 6 (D.D.C. 2014)).  Sexual assault by officers in the BOP is rampant.  In 2022, a United States Senate Committee found that "BOP employees sexually abused female prisoners in at least two-thirds … of federal prisons that have held women" over the preceding decade.[2]  A 2022 report by a Department of Justice (DOJ) working group found

---

[2] S. PERMANENT SUBCOMM. ON INVESTIGATIONS, REP. ON SEXUAL ABUSE OF FEMALE INMATES IN FEDERAL PRISONS, 1 (Dec. 13, 2022), https://www.hsgac.senate.gov/wp-content/uploads/imo/media/doc/2022-12-

[4876067.4]

that incarcerated individuals who report sexual misconduct by staff face serious retaliation, and that BOP policies chill reporting by victims.[3]  Requiring survivors to proceed publicly in court for these claims would chill complaints from a group of plaintiffs who already face a significant hurdle to reporting sexual misconduct by BOP staff because of the inherent imbalance of power.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

13%20PSI%20Staff%20Report%20-%20Sexual%20Abuse%20of%20Female%20Inmates%20in%20Federal%20Prisons.pdf.

[3] The Principal Associate Deputy Attorney General Working Group of DOJ Components, *Report and Recommendations Concerning the Department of Justice's Response to Sexual Misconduct by Employees of the Federal Bureau of Prisons*, 2, 10, 14 (Nov. 2, 2022), https://www.justice.gov/d9/pages/attachments/2022/11/03/2022.11.02_bop_sexual_misconduct_working_group_report.pdf.

## CONCLUSION

For the foregoing reasons, Plaintiff should be granted leave to litigate this case under a pseudonym, using her initials L.J.

DATED: May19, 2026

Respectfully submitted,

/s/ James P. Roberts
**PALMER PERLSTEIN**
James P. Roberts (Attorney-in-charge)
Texas Bar No. 24105721
SDTX Federal No. 3244213
Scott Palmer
Texas Bar No. 00797196
SDTX Federal No. 1751291
15455 Dallas Parkway, Suite 540
Addison, Texas 75001
Telephone: (214) 987-4100
Fax: (254) 709-7443
James.roberts@palmerperlstein.com
Scott.palmer@palmerperlstein.com

**LOCAL COUNSEL**

**ROSEN BIEN**
**GALVAN & GRUNFELD LLP**
Kara J. Janssen*
California Bar No. 274762
Emma Stodder*
California Bar No. 362691
Luma Khabbaz*
California Bar No. 351492
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:  (415) 433-6830
Fax:  (415) 433-7104
kjanssen@rbgg.com
estodder@rbgg.com
lkhabbaz@rbgg.com

*COUNSEL FOR PLAINTIFF*

*Application for admission *pro hac vice* pending

## CERTIFICATE OF SERVICE

Plaintiff is in the process of serving Defendants with a copy of the Complaint.

Once Defendants appear in this case, service will be automatically accomplished through

Notice of Electronic Filing or otherwise if Electronic Filing is not successful.

/s/ James P. Roberts
James P. Roberts